Marc L. Godino (#182689)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: mgodino@glancylaw.com
         info@glancylaw.com

Rosemary M. Rivas (#209147)
**LEVI & KORSINSKY LLP**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294
Email:  rrivas@zlk.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA RYAN, on behalf of herself and all others similarly situated, | Case No.: |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| RODAN & FIELDS, LLC, | |
| Defendants. | **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff, Melissa Ryan through her attorneys, bring this class action on behalf of herself, and a class of all other similarly situated persons defined below (the "Class"), against Rodan & Fields, LLC ("R&F" or "Defendant"). Plaintiff brings this action for injunctive, declaratory and compensatory relief for violation of the Magnuson-Moss Warranty Act ("MMWA"), violation of the California consumer protection laws, and unjust enrichment. Plaintiff alleges matters pertaining to herself and her own acts upon personal knowledge, and as to all other matters upon information and belief, based upon the investigation undertaken by counsel, as follows:

## SUMMARY OF THE ACTION

1. This action arises out of Defendant's illegal and deceptive practice of promoting, marketing, distributing and/or selling the product, Lash Boost, an over the counter cosmetic serum that Defendants advertises as improving the appearance of lash volume and length without any significant side effects. However, Lash Boost contains isopropyl cloprostenate, a drug that the Food and Drug Administration ("FDA") has determined is associated with several serious adverse effects including: dry eye, eye irritation, eye inflammation, eye redness, iris color change, macular edema, low intraocular pressure, among other side effects.

2. Despite being FDA-approved for usage in prescription drugs, isopropyl cloprostenate is not approved as a cosmetic additive.

3. At the time Plaintiff purchased and used Lash Boost, she and other similarly situated individuals were unaware isopropyl cloprostenate was actually a drug and/or its serious potential side effects.

4. On April 18, 2011, the FDA issued a warning letter to Lifetech Resources LLC, which also manufactures lash enhancing products containing isopropyl cloprostenat. The warning letter stated that Lifetech Resources LLC violated provisions of the FDA because its lash

enhancing products containing isopropyl cloprostenat were considered unapproved new drugs in violation of sections 505(a) and 301(d) of the Act (21 U.S.C. §§ 355(a) and 331(d)) and misbranded drugs in violation of section 502 (21 U.S.C. §§ 352) of the Act.[1]

5. The FDA warning letters also advised isopropyl cloprostenate may cause the following injuries: ocular irritation, hyperemia, iris color change, macular edema, ocular inflammation, and interference with intraocular pressure reduction therapy. *Id*. In addition, women of childbearing age are considered at risk for injury. *Id*.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter presented by this complaint because it is a class action arising under the Class Action Fairness Act of 2005, Pub. L. No.109-2, 119 Stat. 4 (2005) ("CAFA"). Under CAFA, the federal courts have jurisdiction over a class action in which there is diversity of citizenship, the amount in controversy exceeds $5,000,000 in the aggregate, excluding interest and costs, more than two-thirds of the class members are from a state other than the state in which the action is being brought and there are more than 100 members of the proposed class.

7. This Court also has jurisdiction over Plaintiffs' MMWA claims pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction over Plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiffs' MMWA claims that they form part of the same case or controversy.

---

[1] *See* https://wayback.archive-it.org/7993/20170111100914/http:/www.fda.gov/ICECI/EnforcementActions/WarningLetters/2011/ucm251951.htm

8.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) and (c) since Plaintiff resides in this District and Defendant does business in this District.  Defendant has promoted, marketed, distributed and/or sold Lash Boost in this District.

## PARTIES

9.      Plaintiff Melissa Ryan is a resident of San Diego, California.  Plaintiff purchased Lash Boost online in December 2017 from a sales representative for Defendant for personal, family or household purposes.  The Lash Boost purchased by Plaintiff contained isopropyl cloprostenate.  Prior to purchasing Lash Boost in June, 2017 for $135.00, Plaintiff read that the ingredient list included isopropyl cloprostenate.  Prior to her purchase, Plaintiff also read Defendant's representation that Lash Boost was a cosmetic grade product and not a drug.  At the time Plaintiff purchased and used Lash Boost she was unaware that isopropyl cloprostenate was not an over the counter drug with serious, documented health risks.  Plaintiff would not have purchased Lash Boost had she known that it was not an over the counter drug with serious, documented health risks or would have paid less for it.

10.     Defendant Rodan & Fields, LLC is a California limited liability company that is headquartered at 60 Spear Street, Suite 600, San Francisco, California 94105.

## SUBSTANTIVE ALLEGATIONS

11.     The selling of beauty through the cosmetic industry is a billion-dollar business. Consumers have the right to know what is in their cosmetics and to be notified of potential physical side effects of using a product ahead of time to make an informed decision.

12.     In 2016, R&F, the multi-level marketing company behind the famous Proactiv brand,  launched Lash Boost to compete with other eyelash enhancers available now on the market.

13. R&F advertises that its Lash Boost eyelash-conditioning serum features a unique proprietary formula that improves the appearance of lash volume and length.

14. The cost for just one tube of Lash Boost, pictured below, varies from $135.00 to $150.00 depending on where it is purchased.



15. Lash Boost joins a host of other eyelash boosting serums on the market that contain isopropyl cloprostenate.

16. Isopropyl cloprostenate is classified as a drug ingredient regulated by the FDA.

17. According to the FDA, The inclusion of isopropryl cloprostenate in other eyelash boosting serums like Lash Boost makes it a drug rather than a cosmetic.

18. Marketing a new drug without approval for its use is a purported violation of several Food Drug and Cosmetics Act ("FDCA") provisions, as is the misbranding of drugs.

19. Isopropyl cloprostenate is an active ingredient commonly found in medications used to treat glaucoma. Glaucoma is a disease involving high intraocular pressure, and isopropyl cloprostenate works to lower the intraocular pressure. Although this makes the drug effective for treating glaucoma, it can cause dangerous side effects in someone with normal eye pressure. Possible side effects include eye irritation, eye inflammation, eye redness, iris color change, macular edema, low intraocular pressure, and more.

20. Other companies, such as Lifetech Resources LLC, have allegedly received warning letters from the FDA for violating the FDCA. They violated FDA guidelines by including isopropyl cloprostenate as a cosmetic additive in their eyelash boosting products ( *i.e*: RapidLash and NeuLash) and claiming it was not a drug.

21. Notwithstanding the above, R&F fails to disclose to its customers that Lash Boost is a drug and that one of its ingredients, isopropyl cloprostenate, is associated with any significant side effects.

22. Rather R&F makes the following representation on the FAQ page of its website: "Lash Boost is a cosmetic grade product designed to improve the appearance of your lashes. It is not a drug product and will not affect the structure and function of your lashes."

23. The above representation makes it difficult for potential patients trying to do their due diligence to determine if they are at increased risk if using the product.

24. R&F further claims that for "best results," use Lash Boost daily for 8 weeks, which would likely require a consumer to buy at least two tubes of the costly Lash Boost and further exposing the consumer to potential serious side effects.

CLASS ACTION COMPLAINT
6

## CLASS ACTION ALLEGATIONS

25. Plaintiff bring this class action for injunctive relief, restitution and other equitable and monetary relief on behalf of a class consisting of:

> All persons in the United States who purchased Lash Boost at any time during the four years prior to the date of the filing of this Complaint through the present (the "Class").

26. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries and assigns.

27. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

28. Members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiff believes the members of the Class number in the tens of thousands.

29. There is a well-defined community of interest in the questions of law and fact underlying the claims of each member of the Class, and these common questions predominate over any questions that may affect individual members of the Class. The common questions of fact and law include, but are not limited, the following:

   a. Whether the marketing, advertising, packaging, labeling and others promotional materials for Lash Boost were deceptive;

   b. Whether Defendant's claims regarding Lash Boost's safety and legality are accurate;

    c.    Whether Defendant's marketing campaign and labeling claiming that Lash Boost is safe was false and misleading;

    d.    Whether Defendant falsely represented that Lash Boost has uses and benefits which it does not have;

    e.    Whether Defendant knew that their claims regarding Lash Boost's safety and legality were false and/or misleading;

    f.    Whether Defendant's conduct constitutes a violation of the Magnuson-Moss Act;

    g.    Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act;

    h.    Whether Defendant's conduct constitutes a violation of California's false advertising law;

    i.    Whether Defendant's conduct constitutes an unfair, unlawful and/or fraudulent business practice in violation of California's unfair competition law;

    j.    Whether Defendant was unjustly enriched;

    k.    Whether Defendant's conduct as set forth herein injured consumers, and if so, the extent of the injury;

    l.    Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages; and

    m.    Whether Plaintiff and the Class members are entitled to declaratory and injunctive relief.

30. Plaintiff's claims are typical of the claims of members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct.

31. Plaintiff will fairly and adequately represent and protect the interests of the Class Subclass in that she is a typical purchaser of Lash Boost. Plaintiff has retained competent counsel with substantial experience in handling complex class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class.

32. Certification of this Class is appropriate because the questions of law or fact common to the respective members of the Class predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims and provides substantial benefits.

33. Absent a class action, it would be highly unlikely that Plaintiff or any other members of the Class would be able to protect their own interests because the cost of litigation through individual lawsuits would exceed their expected recovery.

34. Certification is also appropriate because Defendant acted or refused to act on grounds generally applicable to the Class, thereby making appropriate the relief sought on behalf of the Class as a whole. Further, given the large number of consumers who purchased Lash Boost, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

35. A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that such individual actions would engender. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
(15 U.S.C. § 2301, *et seq.*)

36. Plaintiff and the Class reallege and incorporate by reference each allegation set forth above and further allege as follows.

37. This First Cause of Action is asserted by Plaintiff on behalf of the Class.

38. Lash Boost is a consumer product as defined in 15 U.S.C. § 2301(1).

39. Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

40. Defendant is the supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

41. In connection with the sale of Lash Boost, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that Lash Boost is a "cosmetic grade product designed to improve the appearance of your lashes. It is not a drug product and will not affect the structure and function of your lashes." These statements are untrue as detailed above.

42. By reason of Defendant's breach of the express written warranties stating that Lash Boost is a "cosmetic grade product designed to improve the appearance of your lashes" and "is not a drug product," Defendant violated the statutory rights due Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiffs and Class members.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT
(CAL. CIV. CODE §1750 *et seq.*)

43. Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

44. This Second Cause of Action is asserted by Plaintiff on behalf of the Class under California law.

45. Plaintiff and each Class member are "Consumers" as that term is defined by Cal. Civ. Code §1761(d).

46. Lash Boost is a "Good" as that term is defined by Cal. Civ. Code §1761(a).

47. Defendant is a "Person" as defined by Cal. Civ. Code §1761(c).

48. The transaction involved herein is a "Transaction" as defined by Cal. Civ. Code §1761(e).

49. Plaintiff and members of the Class are individuals who have purchased Lash Boost for personal use. This cause of action is being asserted on behalf of Plaintiff and the Class members who purchased Lash Boost within the applicable statute of limitations period for this claim.

50. Plaintiff has standing to pursue this cause of action because Plaintiff suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein. Specifically, Plaintiff purchased Lash Boost for her personal and family use in reliance on Defendant's marketing claims, both on the product labels and on Defendant's website, with respect to its efficacy, qualities, safety and legality. Plaintiff used Lash Boost as directed but it did not work as advertised and was not of the quality and standard advertised by Defendant.

51. Defendant has engaged in, and continue to engage in, business practices in violation of California Civil Code §1750 *et seq.* (the "Consumers Legal Remedies Act") by making false and unsubstantiated representations concerning the efficacy, qualities, safety and legality of Lash Boost. These business practices are misleading and/or likely to mislead consumers and should be enjoined.

52. Defendant has engaged in deceptive acts or practices intended to result in the sale of Lash Boost in violation of Civil Code §1770. Defendant knew and/or should have known that their representations of fact concerning the efficacy, qualities, safety and legality of Lash Boost were material and likely to mislead the public. Defendant affirmatively misrepresented that Lash Boost was of a certain standard and quality with certain benefits which it did not have.

53. Defendant represented that Lash Boost has characteristics, uses, benefits or qualities that it does not have. The policies, acts and practices heretofore described were intended to result in the sale of Lash Boost to the consuming public, particularly consumers seeking to enhance eye lash appearance, and thus Defendant violated and continue to violate California Civil Code §1770.

54. Defendant's conduct alleged herein violates the Consumers Legal Remedies Act, including but not limited to, the following provisions: (1) using deceptive representations in connection with goods or services in violation of Civil Code §1770(a)(4); (2) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code §1770(a)(5); (3) representing that goods or services are of a particular standard, quality or grade, if they are of another in violation of Civil Code §1770(a)(7); and/or (4) advertising goods or services with intent not to sell them as advertised in violation of Civil Code §1770(a)(9).

55. Defendant's practices, acts and course of conduct in connection with their promotion and sale of Lash Boost, as described above, are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment. Like Plaintiff, members of the putative Class would not have purchased Lash Boost or would have paid less if Defendant had disclosed the truth and all facts concerning Lash Boost.

56. Plaintiff and members of the putative Class have each been directly and proximately injured by the conduct of Defendants.

57. Contemporaneously with the filing of this action, Plaintiff's Counsel mailed to Defendant, by certified mail, return receipt requested, the written notice required by Civil Code §1782(a).  If Defendant fails to respond within thirty days, Plaintiff will amend her complaint to also seek damages under the California Consumer Legal Remedies Act.

58. Defendant's wrongful business practices constituted and constitute, a continuing course of conduct in violation of the Consumers Legal Remedies Act since Defendant is still representing that Lash Boost has characteristics, uses, benefits and abilities which are false and misleading and have injured Plaintiff and the Class.

### THIRD CAUSE OF ACTION
### VIOLATION OF FALSE ADVERTISING LAW
### (CAL. BUS. & PROF. CODE §17500, *et seq.*)

59. Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

60. This Third Cause of Action is asserted by Plaintiff on behalf of the Class under California law.

61. Plaintiff and the Class have standing to pursue this cause of action because Plaintiff and the Class have suffered injury in fact and lost money as a result of Defendants' actions as set forth herein.  Specifically, Plaintiff and the Class purchased Lash Boost in reliance on Defendant's marketing claims, as described above.  Plaintiff and the Class used Lash Boost not knowing that Defendant's representations that Lash Boost is a "cosmetic grade product" and "not a drug" were false.

62. Defendant have engaged in false advertising as they have disseminated false and/or misleading representations about Lash Boost.

63. Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading. During the Class Period, Defendant engaged in false advertising in violation of Cal. Bus. & Prof. Code §1750, *et seq.*, by misrepresenting in its advertising and marketing of Lash Boost to Plaintiff, Class members and the consuming public that Lash Boost is safe and legal and that Lash Boost has qualities and characteristics that it does not have.

64. Each of the aforementioned representations alleged in this Complaint was false and/or misleading because Lash Boost is not of the standard, quality or grade-advertised and is in reality illegal and potentially unsafe.

65. By disseminating and publishing these statements in connection with the sale of Lash Boost, Defendant engaged in and continues to engage in false advertising in violation of Bus. & Prof. Code §17500, *et seq.*

66. As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant received ill-gotten gains and/or profits, including but not limited to, money. Therefore, Defendant has been unjustly enriched. Pursuant to Cal. Bus. & Prof. Code §17535, Plaintiff seeks injunctive relief, restitution and disgorgement of Defendant's ill-gotten gains as specifically provided in Cal. Bus. & Prof. Code §17535.

67. Plaintiff and Class members seek to enjoin Defendant from engaging in these wrongful practices, as alleged herein, in the future. There is no other adequate remedy at law and if any injunction is not ordered, Plaintiff and the Class will suffer irreparable harm and/or injury.

# FOURTH CAUSE OF ACTION
## VIOLATION OF UNFAIR COMPETITION ACT
(Cal. Bus. & Prof. Code §17200, *et seq.*)

68. Plaintiff incorporate by reference all the above allegations as if fully set forth herein.

69. This Fourth Cause of Action is asserted by Plaintiffs on behalf of the Class under California law.

70. Plaintiff has standing to pursue this cause of action because Plaintiff suffered injury in fact and lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff purchased Lash Boost in reliance on Defendant's marketing claims on both the product labels and Defendant's websites. Plaintiff and the Class used Lash Boost not knowing that Defendant's representations that Lash Boost is a "cosmetic grade product" and "not a drug" were false.

71. Defendant's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code §17200, *et seq.*, in that Defendant's actions are unfair, unlawful and fraudulent and because Defendant made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code §17200, *et seq.*

72. In advertising and packing Lash Boost, Defendant made false and misleading statements concerning Lash Boost, and refuse to reveal true facts.

73. Defendant's fraudulent and unfair business practices have caused economic injury to Plaintiff and the putative Class.

74. Defendant's business practices, as alleged herein, are unlawful because they violate the Consumers Legal Remedies Act and False Advertising Law, as set forth herein.

CLASS ACTION COMPLAINT
15

75. Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading. During the Class Period, Defendants engaged in unfair, unlawful and fraudulent business practices in violation of California Business and Professions Code §17200, *et seq.*, by misrepresenting in its advertising and marketing of Lash Boost to Plaintiff, Class members and the consuming public that, Lash Boost had qualities and characteristics that it did not have.

76. Each of the aforementioned representations alleged in this Complaint was false and misleading because Lash Boost was not of the standard, quality or grade advertised, and is in reality illegal and potentially unsafe.

77. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling Lash Boost in a manner likely to deceive the public.

78. As a direct and proximate result of Defendant's wrongful business practices in violation of Business and Professions Code §17200, *et seq.*, Plaintiff and members of the Class have suffered economic injury by losing money as a result of purchasing Lash Boost. Plaintiff and members of the Class would not have purchased or would have paid less for Lash Boost had they known that it was not as represented.

79. Pursuant to Business and Professions Code §17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint. Plaintiff and the Class also seek an order requiring Defendant to make full restitution of all money they wrongfully obtained from Plaintiff and the Class.

CLASS ACTION COMPLAINT
16

# FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

80. Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

81. This Seventh Cause of Action is asserted by Plaintiff on behalf of the Class under California law.

82. "The unjust enrichment claim can be made from common classwide proof." *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 239 (C.D. Cal. 2003) (certifying a nationwide class where plaintiffs alleged defendants were unjustly enriched through a common scheme.). "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was *unjustly* enriched. At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. The focus of the inquiry is the same in each state." *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009), *quoting Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007).

83. Plaintiff and Class members conferred a benefit on Defendant by purchasing Lash Boost.

84. Defendant has been unjustly enriched in retaining the revenues derived from Class members' purchases of Lash Boost, which retention under these circumstances is unjust and inequitable because Defendant misrepresented the facts concerning the safety and legality of the product and caused Plaintiff and the Class to lose money as a result thereof.

85. Defendant has benefited and has been unjustly enriched by its wrongful conduct alleged hereinabove. Defendant sold Lash Boost to Plaintiff and the members of the Class based upon deceptive conduct, omissions and misrepresentations as to uses and qualities which Lash Boost does not possess and which Defendant was, and still is, aware that it does not possess.

86. Defendant has knowledge of this benefit and have voluntarily accepted and retained this benefit.

87. Plaintiff and Class members suffered a loss of money as a result of Defendants' unjust enrichment because: (a) they would not have purchased Lash Boost on the same terms if the true facts concerning Lash Boost had been known; and (b) they paid a price premium due to the false representations about Lash Boost.

88. The circumstances as described herein are such that it would be inequitable for Defendant to retain these ill-gotten benefits without paying the value thereof to Plaintiff and the Class members.

89. Plaintiff and the Class members are entitled to the amount of Defendant's ill-gotten gains, including interest, resulting from Defendant's unlawful, unjust and inequitable conduct as described above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendant, as follows:

    A. Certification of the action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and appointment of Plaintiff as Class representative and her counsel of record as Class counsel;

    B. As to the Fist Cause of Action only, damages in the amount of the monies paid for Lash Boost and/or other consequential or incidental damages;

C. Equitable relief as may be necessary to disgorge and/or restore monies received by Defendant as a result of the deceptive conduct alleged herein;

D. A declaration that Defendant's conduct as alleged herein was unlawful and an injunction barring Defendant from continuing the unlawful conduct described herein;

E. The costs of bringing this suit, including reasonable attorneys' and expert fees; and

F. All other relief to which Plaintiff and members of the Class may be entitled at law or in equity.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: April 26, 2018            **GLANCY PRONGAY & MURRAY LLP**

By: *s/ Marc L. Godino*
Marc L. Godino
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 201-9150
Fax: (310) 201-9160
Email: mgodino@glancylaw.com
             info@glancylaw.com

**LEVI & KORSINSKY LLP**
Rosemary M. Rivas
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 291-2420
Fax: (415) 484-1294
Email: rrivas@zlk.com

*Counsel for Plaintiff*